BREWER, APPELLANT, *v.* DEMAIORIBUS ET AL., APPELLEES.

(No. 23989—Decided August 29, 1956.)

Mr. *Wilbur H. Brewer,* in propria persona.
Mr. *Frank T. Cullitan,* prosecuting attorney, and Mr. *Frederick W. Frey,* for appellees.

*Per Curiam.* . This cause is an appeal on questions of law and fact from the Common Pleas Court of Cuyahoga County and is presented to us on an agreed statement of facts, arguments, and briefs of counsel.

The facts stipulated as to candidate Anne M. Donnelly are that she mailed two statements of expenditures, one as a candidate for state representative and one for the office of Democratic State Central Committeeman for the 20th Congressional District. These statements were mailed May 18, 1956. She was notified on June 8, 1956, that one could not be found, "which had apparently been mislaid at said board's office." The board permitted the candidate to file a duplicate on June 8. Under these facts, there is no evidence that the candidate failed to comply with Section 3517.10, Revised Code.

Candidate James J. McGettrick, as the facts are stipulated, phoned the board of elections on June 7, 1956 (the 30th day

after the primary election), asking if it would comply with the law to mail his expense statement as a candidate for the state Legislature to the board of elections before 4:00 p. m., eastern standard time, of that day. Upon receiving a negative answer, he brought the statement to the board, arriving there at 5:14 p. m., eastern daylight saving time, or 4:14 p. m., eastern standard time. Section 3517.10, Revised Code (126 Ohio Laws, 228), provides that such statement must be filed by 4:00 p. m., eastern standard time (see Section 1.04, Revised Code), on the 30th day after the primary election. When he delivered the statement to the board, it was received by them as full compliance with the law.

The board of elections issued a certificate of nomination to each as a candidate for the Legislature of the state of Ohio.

It seems plain to us that each candidate attempted fully to comply with the requirements of the statutes directing the filing of statements of expenditures by candidates.

Section 3501.11, Revised Code, in defining the duties of the board of elections, provides in paragraph (P):

"Perform such other duties as are prescribed by law or the rules of the Secretary of State."

The Secretary of State, by Section 3501.04, Revised Code, is designated the chief election officer. By paragraph (B) of Section 3501.05, Revised Code, he is empowered to "Advise members of the boards as to the proper methods of conducting elections." The agreed facts include the substance of a letter from the Secretary of State to the Cuyahoga County Board of Elections advising them that expense statements mailed in the United States mail prior to 4:00 p. m. of the last day for filing should be accepted as in compliance with Section 3517.10, Revised Code.

Under these instructions, the statements of expenditures of Anne M. Donnelly came within the instructions of the Secretary of State, and the information given James J. McGettrick from the election board was erroneous.

The election laws of this state were enacted to assure fair elections and to protect the right of every citizen to seek public office. To that end they must be liberally construed. It was within the sound discretion of the board to conclude, as they

did in this case, that Anne M. Donnelly had fully complied with the requirements for filing her expense statements and that a tardy filing of the expense statement of but fourteen minutes by candidate James J. McGettrick, in view of the erroneous information given him, was substantial compliance with said requirements.

Section 3517.11, Revised Code (126 Ohio Laws, 229), provides:

"If the statement prescribed by Section 3517.10 of the Revised Code relates to the nomination or election of persons whose candidacy for nomination or election was submitted to electors throughout the entire state, such statement shall be filed with the Secretary of State. If such statement relates to the nomination or election of persons whose candidacy for nomination or election was submitted only to electors within a district comprised of more than one county but less than all of the counties of the state, it shall be filed with the board of elections of the most populous county of such district, and if such statement relates to the nomination or election of persons whose candidacy for nomination or election was submitted only to electors within a county, it shall be filed with the board of such county; provided that if such statement relates to the nomination or election of persons who were candidates for nomination or election to the office of member of the House of Representatives of Congress, it shall be filed with the Secretary of State.

"In the event of a failure to file a statement with the Secretary of State or in the event a statement filed with the Secretary of State appears to disclose a violation of law, the Secretary of State shall promptly report such facts to the Attorney General who shall forthwith institute such civil or criminal proceedings as are appropriate. In the event of a failure to file a statement with a board or in the event a statement filed with a board appears to disclose a violation of law, such board shall promptly report such facts to the prosecuting attorney of the county of such board, who shall forthwith institute such civil or criminal proceedings as are appropriate. No certificate of nomination or election shall be issued to a person, nor shall a person elected to an office or position enter upon the

performance of the duties of such office or position until he has fully complied with this section and Sections 3517.08 and 3517.10 of the Revised Code. * * *''

Pertinent parts of Section 3517.10, Revised Code, read:

''Every candidate * * * who contributed, * * * received, or expended, directly or indirectly, any money or things of value in connection with the nomination * * * shall, not later than four p. m. of the thirtieth day after such election, file a full, true and itemized statement, subscribed and sworn to before an officer authorized to administer oaths * * *.''

A careful reading of these two sections of the Revised Code discloses a clear intent on the part of the Legislature to make the filing of a statement of expenditures by a candidate for office *mandatory* but the time within which it is to be filed *merely directory*. Section 3517.11, in particular, indicates this when it makes no reference to the contingency of a candidate filing his statement of expenditures after the time set forth in Section 3517.10.

In *Sparkman* v. *Saylor,* 180 Ky., 263, 202 S. W., 649, the Supreme Court of Kentucky states the law with respect to a similar statute in paragraph 1 of the syllabus:

''1. Elections—Corrupt Practices Act—Filing Statement of Expenditures—Time. The provisions of sec. 4, Corrupt Practices Act, requiring statements of campaign expenditures to be filed fifteen days before and thirty days after an election, are directory as to the time in which they are to be filed, requiring a reasonable and substantial rather than a literal compliance; but otherwise they are mandatory.''

The board of elections was acting in a quasi-judicial capacity. It was fully clothed under the law with discretionary powers to determine all matters properly before it. A court of equity will not substitute its judgment for that of an administrative board so functioning and will disturb its judgment only upon clear proof of an abuse of discretion. None is shown under these circumstances.

*Decree for defendants.*

KOVACHY, P. J., SKEEL and HURD, JJ., concur.